## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**PAUL RYAN DOUGLAS,**           :

    **Petitioner**                   :

                               **CIVIL ACTION NO. 3:14-0293**

**v.**                          :

                               **(Judge Mannion)**

**WARDEN ZICKERFOOSE,**         :

    **Respondent**                 :

## MEMORANDUM

**I.   Background**

Petitioner, Paul Ryan Douglas, an inmate currently confined in the Allenwood United States Penitentiary ("USP-Allenwood"), White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1, petition). He challenges a conviction and sentence imposed by the United States District Court for the Southern District of New York. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

**II.  Procedural Background**

On December 14, 2005, following a jury trial, Douglas was found guilty of one count of Bank Robbery by Force or Violence, a violation of 18 U.S.C.

§2113(a) and one count of Death as a Result of Bank Robbery, a violation of 18 U.S.C. §2113 (a) and (e). See Douglas v. United States, Civil Action No. 7:09-cv-9566-CM (USDC SDNY (White Plains)). On January 31, 2006, he was sentenced to life in prison. Id.

On June 25, 2008, the United States Court of Appeals for the Second Circuit affirmed Douglas' judgment of sentence. Id. No petition for certiorari was filed with the United States Supreme Court. Id.

On November 13, 2009, Douglas filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255. Id.

By Decision and Order dated July 22, 2011, Petitioner's 2255 motion was denied without a hearing. Id.

On October 3, 2011, Douglas appealed the denial of his §2255 motion, which the Court of Appeal for the Second Circuit dismissed on June 26, 2012, for Petitioner's failure to made a substantial showing of the denial of a constitutional right. Id.

On October 9, 2012, the United States Supreme Court denied Douglas' petition for writ of certiorari. Id.

On February 18, 2014, Douglas filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his conviction.

(Doc. No. 1, petition).

**III.   DISCUSSION**

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. §2255.  E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Douglas clearly maintains that his federal conviction violates his constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" (emphasis added).

A motion under §2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel.

Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful §2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under §2255, a motion under §2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on §2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

To seek federal post-conviction relief from a judgment of conviction,

4

persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. §2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Douglas has not met this burden.

Although Douglas has filed a prior motion pursuant to §2255 in the United States District Court for the Southern District of New York, there is no record that he has requested permission from the United States Court of Appeals for the Second Circuit for leave to file a successive petition. Thus, there remains that possibility that Douglas would be granted permission by the Second Circuit Court of Appeals to file a successive §2255 motion, if appropriate. Consequently, the Court will dismiss Douglas' petition for a writ of habeas corpus under 28 U.S.C. §2241, without prejudice, to Petitioner requesting leave to file a second or successive §2255 motion.

### III. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, ––– U.S. –––, –––, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

### IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 21, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0293-01.wpd